UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

JOSHUA TARKOFF;
on behalf of himself and all
others similarly situated,

       Plaintiff,                               **CLASS ACTION COMPLAINT**

v.

                                            CASE NO.

STUDENT AID CENTER, INC.,                (JURY TRIAL DEMANDED)

       Defendant.
_____/

Plaintiff Joshua Tarkoff (hereinafter "Tarkoff"), individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel and the advice and consultation of certain third-party agents as to technical matters, and on information and belief as to all other matters, and demands trial by jury:

I.
**NATURE OF ACTION**

1.      Tarkoff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant Student Aid Center, Inc. ("SAC") in negligently, knowingly, and/or willfully contacting Tarkoff on his cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Tarkoff seeks statutory damages for the TCPA violations committed by SAC.

2.      SAC is a self-described industry leader in the federal student loan debt relief industry. It employs hundreds at its 26,000 square foot headquarters located at 2500 NW 79th Avenue, Suite 190, Doral, Florida.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. SAC is subject to general personal jurisdiction in Florida because (1) SAC has its principal place of business in Miami, Florida, (2) SAC is a Florida corporation and (3) SAC carries on a continuous and systematic part of its business in Florida.

5. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)-(c) because, among other things, (1) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (ii) SAC is deemed to reside in this District because it was subject to general personal jurisdiction in Florida at the time the action was commenced.

## III.
## PARTIES

6. Tarkoff is an individual and, at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153(10). Tarkoff is, and was at all times mentioned herein, domiciled in this District.

7. SAC is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Florida and whose primary corporate headquarters are in Doral, Florida. SAC is, and at all times mentioned herein was, a corporation and "person" as defined by 47 U.S.C. § 153(10).

## IV.
## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ((TCPA), 47 U.S.C. § 227)

8. To address consumer complaints regarding certain telemarketing practices, Congress enacted the TCPA, 47 U.S.C. § 227, in 1991. The TCPA regulates, *inter alia*, the use of automated telephone equipment or "autodialers." Specifically, the TCPA prohibits the use of autodialers to make any call, including text messages or SMS messages, to a wireless number in the absence of an

2

emergency or the prior express consent of the party called.  47 U.S.C. § 227(b)(1)(A)(iii).

9. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, such autodialed calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and receiving and addressing such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for such incoming calls whether they pay in advance or after the minutes are used.

V.
**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

10. Tarkoff has been assigned a cellular telephone number ending in 9480 (the "9480 Number") by his cellular telephone service provider.  Tarkoff is obligated to pay his cellular telephone service provider a monthly fee to make and receive calls on the 9480 Number.

11. Starting on or about June, 2015, SAC, by itself or through an intermediary or intermediaries, placed multiple telephone calls to the 9480 Number.

12. The source of the telephone calls to the 9480 Number was a toll free telephone number identified by Tarkoff's cellular carrier as 1-888-521-4388 (the "SAC Auto Dialer").

13. Tarkoff's phone records indicate that on August 4, 2015 and again on August 14, 2015 the 9480 Number received phone calls from the SAC Auto Dialer.  Tarkoff's investigation is continuing, and upon information and belief, Tarkoff alleges that the the 9480 Number received multiple other calls from the SAC Auto Dialer beginning on or about June, 2015.

14. On more than one occasion SAC left voicemails for Tarkoff advertising student loan debt consolidation and/or debt relief services.

15. Because SAC's telephone calls and voicemail messages received by Tarkoff actively sought to have Tarkoff purchase, enroll in or otherwise utilize for a fee one or more of SAC's goods

and/or services, SAC's telephone calls to the 9480 Number constituted a solicitation for Tarkoff to purchase goods and/or services from SAC.

16. SAC similarly placed, through an intermediary or intermediaries, thousands of these same telephone calls to individuals' cellular telephone numbers, each of which also constituted a solicitation to purchase goods and/or services from SAC.

17. Tarkoff never provided his or her cellular phone number to SAC.

18. Tarkoff never provided SAC with consent to be contacted via his cellular phone number.

19. Tarkoff has never conducted business with or otherwise formed a business relationship with SAC.

20. All telephone contact by SAC and/or affiliates, subsidiaries, or agents of SAC to Tarkoff's cellular telephone number occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

21. In fact, SAC admitted on its own webpage that it uses "auto dialers" to place calls to consumers. *See* Exhibit "A," (admitting that SAC sends "periodic notification [sic] and or messages **by** email, SMS / Text, **Robo or Auto Dialer Calls**") (emphasis added). SAC's admission is direct evidence that calls received by Tarkoff at the 9480 Number originated from one or more of SAC's Auto Dialers. Seeking to conceal the true nature of its illegal behavior, SAC has now taken down the webpage reflected in Exhibit "A."

22. Upon information and belief, SAC's Auto Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, such as the 9480 Number.

23. Further, SAC's phone messages received appear to delivered via an Auto Dialer because of the prolonged delay between the time the voice messaging service begins recording and the time a voice is heard on the line.

24. The telephone number that SAC and/or affiliates, subsidiaries, or agents of SAC used to contact Tarkoff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25. The complained of telephone calls to the 9480 Number constitute calls not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. The complained telephone calls to the 9480 Number constitute telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

27. The complained of telephone calls to the 9480 Number constitute unsolicited advertisements as defined by 47 U.S.C. § 227(a)(5).

28. Tarkoff never provided "express consent" or any other form of consent allowing SAC and/or affiliates, subsidiaries, or agents of SAC to place telephone calls to Tarkoff's cellular phone by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA, the burden is on SAC to demonstrate that Tarkoff provided express written consent within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

## VI.
## CLASS ACTION ALLEGATIONS

30. <u>Class Definition</u>. Plaintiffs bring this civil class action on behalf of themselves individually and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. 23. The "Class" which Plaintiffs seek to represent is comprised of and defined as follows:

> All persons within the United States who received a non-emergency telephone call from SAC, and/or affiliates, subsidiaries, or agents of SAC to a cellular telephone through the use of an automated dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such telephone call(s).

31. SAC, its employees, and agents are excluded from the Class.

32. Tarkoff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

33. Tarkoff and all Class members have been impacted and harmed by SAC's acts of and/or the acts of SAC's affiliates or subsidiaries.

34. This Class Action Complaint seeks money damages and injunctive relief.

35. This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b). This class action satisfies the ascertainability, numerosity, typicality, adequacy, commonality, predominance and superiority requirements.

36. Upon application by Tarkoff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of ascertainability, manageability, justice and/or judicial economy.

37. <u>Ascertainability</u>. This action may be properly brought and maintained as a class action because there is a well-defined community of interest in the litigation and the members of the proposed Class are clearly and easily ascertainable and identifiable. The members of the Class can be readily ascertained from SAC's call records, database files and/or business records maintained by SAC and/or their agents, affiliates, and subsidiaries. The Class members can be readily located and notified of this class action.

38. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to thousands of persons throughout the United States. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

39. <u>Typicality</u>. Tarkoff received at least one call using an automated telephone dialing system or an artificial or prerecorded voice, without his prior express consent or a prior established

business relationship with SAC within the meaning of the TCPA. Consequently, Tarkoff's claims are typical of the claims of the members of the Class, and Tarkoff's interests are consistent with and not antagonistic to those of the other Class members he seeks to represent. Tarkoff and all members of the Class have been impacted by, and face continuing harm arising out of, SAC's violations and/or misconduct as alleged herein.

40. <u>Adequacy</u>. As Class representative, Tarkoff has no interest that is adverse to, or which conflicts with, the interests of the absent members of the Class and is able to fairly and adequately represent and protect the interests of such a Class. Tarkoff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Tarkoff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

41. <u>Competency of Class Counsel</u>. Tarkoff has retained and is represented by experienced, qualified and competent counsel committed to prosecuting this class action. Undersigned counsel are experienced in handling complex class action claims.

42. <u>Commonality and Predominance</u>. There are well defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

    a) Whether SAC and/or affiliates, subsidiaries, or agents of SAC made non-emergency calls to Tarkoff and Class members' cellular telephones using an automated telephone dialing system or an artificial or prerecorded voice;

b) Whether SAC and/or affiliates, subsidiaries, or agents of SAC can meet their burden to show SAC obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to place the calls complained of;

c) Whether SAC and/or affiliates, subsidiaries, or agents of SAC can meet their burden to show SAC had a prior established business relationship with recipients of the calls complained of;

d) Whether the complained of conduct was knowing and/or willful;

e) Whether SAC is liable for damages, and the amount of such damages;

f) Whether SAC and/or affiliates, subsidiaries, or agents of SAC should be enjoined from engaging in such conduct in the future.

43. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Tarkoff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and

the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

44. Additionally, the prosecution of separate actions by individual Class members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or that would substantially impair or impede the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could establish inconsistent results and result in establishing incompatible standards of conduct for SAC.

45. SAC and/or affiliates, subsidiaries, or agents of SAC have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Tarkoff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### NEGLIGENT VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

46. Tarkoff incorporates by reference paragraphs 1 through 40 of this Class Action Complaint as if fully stated herein.

47. The foregoing acts and omissions constitute negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

48. As a result of the alleged negligent violations of 47 U.S.C. § 227, Tarkoff and each member of the Class is entitled to an award of $500.00 in statutory damages for each and every call placed or transmitted in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

49. Tarkoff and all Class members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

50. Tarkoff and Class members also seek an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## (47 U.S.C. § 227)

51. Tarkoff incorporates by reference paragraphs 1 through 40 of this Class Action Complaint as if fully stated herein.

52. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

53. As a result of alleged knowing and/or willful violations of 47 U.S.C. § 227, Tarkoff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call placed or transmitted in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

54. Tarkoff and all Class members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

55. Tarkoff and Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Tarkoff prays for relief and judgment in his favor, as follows:

1. As a result of the alleged negligent violations of 47 U.S.C. § 227(b)(1), Tarkoff seeks for himself and each class member $500.00 in statutory damages for each and every call/message that violated the TCPA;

2. As a result of the alleged willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Tarkoff seeks for himself and each class member treble damages, as provided by the statute, of up to $1,500.00 for each and every call/message that violated the TCPA;

3. Injunctive relief prohibiting such violations of the TCPA in the future;

4. An award of attorneys' fees and costs to counsel to Tarkoff and the Class;

5. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Tarkoff is a proper representative of the Class, and appointing undersigned counsel representing Tarkoff as counsel for the Class; and

6. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Tarkoff, on behalf of himself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated:  September 18, 2015                              Respectfully submitted,

By: /s/  David P. Milian

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**

David P. Milian, Esq.
Florida Bar No. 844421
dmilian@careyrodriguez.com
Frank S. Hedin, Esq.
Florida Bar No. 109698
fhedin@careyrodriguez.com
Ernesto M. Rubi
Florida bar No. 90214
erubi@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Attorneys for Tarkoff*